**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JOYCE FULLINGTON                                                                                    PLAINTIFF

v.                                             No. 4:10CV00236 JLH

PFIZER, INC.; WYETH, LLC;
SCHWARZ PHARMA, INC.; PLIVA, INC.;
TEVA PHARMACEUTICALS USA, INC.;
ALAVEN PHARMACEUTICAL LLC; and
MUTUAL PHARMACEUTICAL COMPANY, INC.                                          DEFENDANTS

**ORDER**

Joyce Fullington brings this action alleging that she suffered injuries from the ingestion of a pharmaceutical product known as Metoclopramide. Trial was scheduled to begin on June 20, 2011. The defendants PLIVA, Inc., and Mutual Pharmaceutical Company, Inc., have moved for a continuance and for a stay of the case pending a decision from the United States Supreme Court in three consolidated cases that will address a preemption issue that may dispose of the case. According to the defendants, the Supreme Court has scheduled argument on those three appeals for March 30, 2011. The defendants argue that the Court should stay this action pending a decision by the Supreme Court in those three cases because the decision of the Supreme Court could result in disposition of this case on preemption grounds and therefore avoid the expense and necessity of discovery and trial. The defendants also argue that it is the custom of the Supreme Court to decide cases that have been argued orally before the end of the current term, which would be sometime in June of 2011. The plaintiff opposes the motion, arguing that there is no hardship or manifest injustice that would result from proceeding with this litigation while the appeal is proceeding in the Supreme Court and that any stay awaiting a resolution from the Supreme Court would be indefinite

and therefore unfair to the plaintiff, who has the right to have her case resolved on the merits in an expeditious manner.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936). A court may stay an action to maximize the effective use of judicial resources and to minimize the possibility of conflicts between different courts.  5C Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1360 (3rd ed. 2004). A motion for stay may be warranted when a similar action is pending in another court. *Id*.

The Court is convinced that in this instance a stay is warranted by considerations of judicial economy and avoidance of unnecessary legal expense. There is no doubt that the discovery and preparation for trial in this case will be very expensive, and a trial likely would be time consuming. All of that time and expense would be wasted if the Supreme Court decides the preemption issues pending before it in a way that would preclude Fullington from recovering in this action. The Court also believes that it is likely that the Supreme Court will decide the issues by the time that the current term ends.

The defendants' motion for a continuance and for a stay is granted. Document #49. This action is removed from the trial docket for the week of June 20, 2011. All proceeding in this matter are stayed until the Supreme Court issues its decision in *PLIVA, Inc. v. Mensing*, U.S. Supreme Court Case No. 09-993; *Actavis Elizabeth, LLC v. Mensing*, U.S. Supreme Court Case No. 09-1039; and *Actavis, Inc. v. Demahy*, U.S. Supreme Court Case No. 09-1501. Provided, however, that the

stay will expire on the date that the Supreme Court recesses from its current term if it recesses without having decided those cases.

A new scheduling order will be entered separately setting this action for trial and providing new deadlines consistent with the order of stay entered herein.

IT IS SO ORDERED this 18th day of February, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE