**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JOYCE FULLINGTON                                                                                          PLAINTIFF

v.                                              No. 4:10CV00236 JLH

PLIVA, INC., formerly known as
Pliva USA, Inc.; and MUTUAL
PHARMACEUTICAL COMPANY, INC.                                            DEFENDANTS

**ORDER**

Joyce Fullington commenced this action against brand name and generic manufacturers of metoclopramide, alleging various causes of action under Arkansas law. The Court granted summary judgment in favor of the brand name manufacturers because Fullington did not consume their product. Thereafter, the Court dismissed Fullington's claims against the generic manufacturers based on a ruling of the Supreme Court in *PLIVA, Inc. v. Mensing*, --- U.S. ---, 131 S. Ct. 2567, 180 L. Ed. 2d 580 (2011). In that Opinion and Order, the Court concluded that the complaint failed to state a claim upon which relief can be granted against the generic manufacturers and therefore dismissed the complaint without prejudice, giving Fullington an opportunity to file an amended complaint. Thereafter, Fullington filed an amended complaint, but the amended complaint, for the most part, simply re-alleged the claims that had previously been dismissed, including the claims against the brand-name manufacturers.

The generic manufacturers then filed a motion to dismiss the amended complaint. As to PLIVA, the Court concluded that all of Fullington's claims in the amended complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) except the failure-to-warn claim for the period between February 2009 and April 2009, which was a time during which the FDA had issued a new warning. The Court noted, however, that PLIVA had presented Fullington's pharmaceutical records

showing that she did not receive metoclopramide produced by PLIVA in 2009. Because those records were outside the pleadings, the Court converted that portion of PLIVA's motion to dismiss to a motion for summary judgment and gave Fullington an opportunity present evidence showing that she ingested metoclopramide originating from PLIVA after February 2009.

Instead of presenting evidence that she consumed metoclopramide originating from PLIVA after February 2009, Fullington conceded that point, and, instead, filed a motion for reconsideration. The motion for reconsideration largely consists of repetition of arguments previously considered and rejected by the Court. One point made in the motion for reconsideration that deserves a brief comment is an argument by Fullington that the Court overlooked the principle that a complaint may plead in the alternative. *See* Fed. R. Civ. P. 8(a)(3) and (d)(2). That argument related to the Court's observation that Fullington alleged that all of the warnings relating to metoclopramide were inadequate until February 2009. In her motion for reconsideration, Fullington argues, for the first time, that she was pleading alternative theories: on the one hand, she contends that the warning labels were inadequate until February 2009 and, on the other hand, she contends that PLIVA was negligent for failing to update its warnings after 2004 to the (still inadequate) warnings that remained in effect until February 2009. Fullington had not made that argument before, so the Court considered that argument and reviewed Fullington's original complaint and proposed amended complaint, both of which allege that all of the warnings were inadequate until February 2009. Neither in the original complaint, nor in the proposed amended complaint, is there any indication that Fullington was pleading in the alternative. Despite her recently discovered belief that she was pleading in the alternative, the complaint does not say that, and the complaint is what the Court must judge.

For the reasons stated in this Court's opinions entered on December 12, 2011, and May 23, 2012, the complaint of Joyce Fullington is dismissed with prejudice. The motion for reconsideration is denied. Document #88.

IT IS SO ORDERED this 17th day of July, 2012.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE